IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2307-FL

| | | |
|---|---|---|
| RODNEY ROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK A HOOKS, Secretary, N.C. | ) | |
| Department of Public Safety, | ) | |
| | ) | |
| Respondent.[1] | | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion for summary judgment (DE 13). Petitioner did not respond to respondent's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On October 14, 2015, petitioner, in the Cumberland County Superior Court of North Carolina, was convicted following a jury trial of safecracking, breaking and entering, larceny after breaking and entering, possession of stolen goods, and conspiracy to commit breaking and entering

---

[1] Petitioner has named "Sampson Correctional Instiution" as respondent in this action. (See Pet. (DE 5) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Respondent represents that Erik A. Hooks ("Hooks"), the Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action. (See Mot. Summ. J. (DE 13) at 1). The court has constructively amended the caption of this order to reflect that Hooks is the respondent in this action, and the Clerk of Court is DIRECTED to change respondent's name in the caption on the docket.

and/or larceny. (See R. on Appeal (DE 15-2) at 4, 42-44). After his conviction, petitioner pleaded guilty to being a habitual felon, and the Cumberland County Superior Court sentenced him to an active prison term of 103-136 months. (See id. at 42). After he was sentenced, petitioner filed a direct appeal with the North Carolina Court of Appeals. On October 4, 2016, in a published opinion, the court of appeals vacated petitioner's conviction for safecracking, affirmed his convictions on the remaining charges, and remanded for re-sentencing. State v. Ross, 792 S.E.2d 155, 156 (N.C. Ct. App. 2016). Petitioner did not file a petition for discretionary review of that decision with the North Carolina Supreme Court. On December 1, 2016, petitioner was re-sentenced to the same imprisonment term of 103-136 months. (See Dec. 1, 2016 J. & Commitment (DE 15-8)). Petitioner did not appeal his revised sentence.

On December 15, 2016, petitioner filed a pro se "Motion for Ex-Parte Motion for an Investigator, to Suppress Evidence, an [sic] Legal Determination" in this court. This court construed petitioner's filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and directed petitioner to re-file his petition on the correct form. Petitioner filed his corrected petition on January 10, 2017.

On June 6, 2017, respondent filed the instant motion for summary judgment. That same day, the court mailed petitioner a Roseboro letter,[2] which provided petitioner with notice of the motion and stated in bold type, "**if you fail to respond to the motion, the court may grant the motion and enter summary judgment against you**." (Letter from Peter A. Moore, Clerk of Ct., to Rodney

---

[2]See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Ross (June 6, 2017) (DE 17) at 1).[3] Despite this notice, petitioner failed to respond to respondent's motion for summary judgment.

## STATEMENT OF FACTS

The facts as summarized by the North Carolina Court of Appeals are as follows:

> On the morning of 20 August 2014, an employee arrived at the restaurant and noticed that an air conditioning unit had been removed from the rear of the building, leaving a hole in the wall. The store's surveillance system captured a video of the break-in which showed a[n] individual pulling out the air conditioning unit and entering the restaurant. The intruder attempted to access the safe using paper that appeared to have a safe code on it. After repeatedly attempting to open the safe, the intruder returned to the opening in the rear wall of the building and appeared to converse with someone outside. The intruder then took several boxes of hamburger meat from a cooler and exited the premises.
>
> At least two employees and the store owner testified that they believed the intruder in the video to be Defendant. The State also presented evidence that Defendant's girlfriend ("Ms. Jackson") had been employed at the restaurant as a manager; that as a manager, Ms. Jackson had access to the restaurant's safe combination; that Ms. Jackson was fired from her position as manager approximately two days before the break-in; and that coordinates from Ms. Jackson's GPS tracking bracelet (worn as a condition of her probation for an unrelated incident) showed that she was in the vicinity of the restaurant in the early morning hours when the break-in occurred.
>
> Based on this and other evidence presented by the State, a jury found Defendant guilty of a number of felonies, including safecracking. Following the jury's verdicts, Defendant pleaded guilty to the offense of attaining habitual felon status. The trial court consolidated the charges for judgment and sentenced Defendant to an active prison term.

---

[3]The Roseboro letter was sent to petitioner at the Sampson Correctional Institution, and North Carolina's Offender Public Information website confirms that petitioner was incarcerated at that institution on June 6, 2017. See http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0352678&searchOffenderId =0352678&listurl=pagelistoffendersearchresults&listpage=1 [https://perma.cc/YR8W-2TG9].

> Defendant timely appealed; however, his notice of appeal failed to designate the court to which his appeal was being taken as required by Rule 4 of the North Carolina Rules of Appellate Procedure. Defendant has filed a petition for writ of *certiorari* requesting review of the judgment of the trial court. In our discretion, we allow the petition and consider the merits of Defendant's appeal.

Ross, 792 S.E.2d at 156.

## DISCUSSION

A. Petitioner's Grounds for Relief

The petition is not a model of clarity. The only ground for relief stated in the petition itself is that "[t]he State[] forgot to vacate[] the breaking and entering and possession of stolen goods and felony conspiracy [convictions]." (See Pet. (DE 5) at 7). Petitioner states that the court "need[s] to review this issue for plain error." (See id.). The court construes this ground for relief as a claim that the North Carolina Court of Appeals decision affirming his convictions (with the exception of safecracking) was erroneous.

After filing the petition, petitioner filed a Motion to Show the Statement of the Case an [*sic*] Facts (DE 8). Therein, petitioner states that the "issues presented for the review" include (1) "there is reasonable suspicion based on specific and articulable facts, an [*sic*] to show there was unlawful conduct show [*sic*] in the court matter (citing Ake v. Oklahoma, 470 U.S. 68 (1985)), and (2) "[t]hat the attorney have [*sic*] fallen below an objective standard of reasonableness" (citing Strickland v. Washington, 466 U.S. 668 (1984)). (Mot. to Show the Statement of the Case & Facts (DE 8) at 1-2). As to the first ground for relief presented in the motion, petitioner's citation to Ake v. Oklahoma and his previous filings suggest that this claim relates to the state's purported failure to provide petitioner with a pretrial investigator. See Ake, 470 U.S. at 82-83 (holding indigent defendant in a capital case has a Fourteenth Amendment due process right to court-appointed psychiatrist where the defendant

4

makes an ex parte showing that his sanity will be a significant factor in his defense); (Mot. for Ex Parte Motion for an Investigator, to Suppress Evidence, and Legal Determination (DE 1) at 1 (arguing that the this court should enter an order 'providing the [petitioner] with reasonable funds to obtain and pay an [*sic*] criminal investigator")).

Thus, the court construes the petition as raising the following claims: (1) that the North Carolina Court of Appeals decision affirming petitioner's convictions (with the exception of safecracking) was erroneous; (2) that the state failed to hire a pretrial investigator on petitioner's behalf in violation of Ake v. Oklahoma, 470 U.S. 68 (1985); and (3) ineffective assistance of trial counsel.

B. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Respondent contends that petitioner did not properly present his claims to the state courts and that they are now procedurally barred. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). To exhaust available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation omitted). Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id. A habeas petitioner has the burden of proving that a claim is exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-27, 7A-31, 15A-1422.

A claim that has not been adequately presented to the state courts may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A federal habeas court may not review such claims because the

state procedural bar provides an adequate and independent state law ground for the conviction and sentence, unless the petitioner can show cause and prejudice and/or a fundamental miscarriage of justice to excuse the default. Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)); see also Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). To establish cause, a petitioner must show something external to the petitioner prevented him from complying with the state procedural rule. Coleman, 501 U.S. at 753. To show prejudice, a petitioner must show he was actually prejudiced as a result of the alleged violation of federal law. United States v. Frady, 456 U.S. 152, 168 (1982).

Respondent argues that petitioner's claims are procedurally defaulted because petitioner could have presented the claims in his direct appeal but failed to do so, and if he presented them in an MAR in state court now, they would be procedurally barred pursuant to Section 15A-1419(a)(3) of the North Carolina General Statutes. Section 15A-1419(a)(3) provides that an MAR must be denied where "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so." Section 15A-1419(a)(3) is an independent and adequate state procedural bar, precluding federal habeas review. See Lawrence v. Branker, 517 F.3d 700, 714-15 (4th Cir. 2008); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (holding procedural bar pursuant to N.C. Gen. Stat. § 15A-1419 is mandatory), cert. denied, 534 U.S. 941 (2001); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review), cert. denied, 525 U.S. 1155 (1999).

Petitioner filed a direct appeal to the North Carolina Court of Appeals, but did not raise his Ake claim or ineffective assistance of counsel in his direct appeal. (See Pet'r's Appellate Br. (DE 15-3)). Petitioner also did not file a petition for discretionary review to the North Carolina Supreme

7

Court, wherein he could have presented his claim that the North Carolina Court of Appeals erred in affirming his convictions. Finally, petitioner has not filed an MAR in state court raising any of the claims in his federal habeas petition. Because of these omissions, petitioner has not adequately presented his claims to the state courts and his claims are non-exhausted. O'Sullivan, 526 U.S. at 845; Baker, 220 F.3d at 288.

Petitioner could have presented his first two claims for relief – (1) that the North Carolina Court of Appeals decision affirming petitioner's convictions (with the exception of safecracking) was erroneous and (2) that petitioner was denied his right to have the state hire an investigator on his behalf pursuant to the principles set forth in Ake v. Oklahoma, 470 U.S. 68 (1985) – in his direct appeal or by petitioning the North Carolina Supreme Court for discretionary review. Thus, if he filed an MAR in state court now, these claims would be procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419(a)(3). Based on the foregoing, petitioner's first two claims for relief are procedurally defaulted. See Lawrence, 517 F.3d at 714-15; Williams, 146 F.3d at 209.

Petitioner has also failed to overcome the default by establishing cause and prejudice with respect to the first two claims. The petition contains no showing that a factor external to petitioner prevented him from presenting his first two claims for relief in his direct appeal. See Coleman, 501 U.S. at 753; McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000) (holding burden is on the petitioner to show cause for the default and demonstrate actual prejudice). Accordingly, petitioner's procedural default bars habeas review of his first two claims for relief, and respondent is entitled to summary judgment on those claims.

With respect to petitioner's third claim for relief, respondent argues that this claim is also procedurally defaulted because it was not raised on direct review, and, pursuant to N.C. Gen. Stat.

15A-1419(a)(3), petitioner now would be procedurally barred from bringing the claim in an MAR in state court. The Supreme Court of North Carolina has observed, however, that many ineffective assistance of counsel claims should be raised in the first instance on collateral review, and ineffective assistance of counsel claims will only be decided on the merits on direct review "when the cold record reveals that no further investigation is required" to bring the claim. State v. Fair, 354 N.C. 131, 166-67 (N.C. 2001). In McCarver, the Fourth Circuit noted that section 15A-1419(a)(3) "is not a general rule that any [ineffective assistance of counsel] claim not brought on direct appeal is forfeited on state collateral review. Instead, the rule requires North Carolina courts to determine whether the particular claim at issue could have been brought on direct review." 221 F.3d at 589. Thus, ineffective assistance of counsel claims that are not raised on direct review are only procedurally defaulted pursuant section 15A-1419(a)(3) "when the 'cold record' reveals that no further investigation would have been required to raise the claim on direct review." Lawrence, 517 F.3d at 715 (quoting Fair, 354 N.C. at166).

Here, petitioner has not filed an MAR with the North Carolina courts, and thus his ineffective assistance of counsel claim is non-exhausted. O'Sullivan, 526 U.S. at 845. Respondent has not shown, however, that the ineffective assistance of counsel claim would be procedurally barred under section 15A-1419(a)(3) were petitioner to present this claim in an MAR. See Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) ("Because procedural default constitutes an affirmative defense in habeas cases, the burden rests with a state to prove the adequacy of the relied-on procedural bar."). Respondent has not presented any record evidence suggesting that petitioner's ineffective assistance of counsel claim could have been presented on direct review because the "cold record" reveals that no further investigation would be necessary to present the claim. See Lawrence,

9

517 F.3d at 715. Accordingly, the court grants respondent's motion for summary judgment on the ineffective assistance of counsel claim on non-exhaustion grounds only, and dismisses petitioner's ineffective assistance of counsel claim without prejudice to allow petitioner to exhaust his state court remedies.

The court next determines whether this action should be stayed pending the exhaustion of petitioner's state court remedies on the ineffective assistance of counsel claim. The United States Supreme Court has recognized limited circumstances in which a district court may stay a habeas petition to allow a petitioner the opportunity to exhaust his state court remedies for his claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). In Rhines, the court stated:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Id. Stay and abeyance should only be used under limited circumstances. Id.

Here, petitioner has not demonstrated good cause for his failure to exhaust. Further, there are no meritorious claims readily apparent in the petition. Based upon the foregoing, the court finds that a stay of the action is not warranted.

C.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to

dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose, 252 F.3d at 684 (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find it debatable whether this court was correct in its procedural rulings.  Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 13) is GRANTED. Petitioner's ineffective assistance of counsel claim is dismissed without prejudice for failure to exhaust his state court remedies. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to amend the caption to reflect that Erik A Hooks, Secretary, N.C. Department of Public Safety, is the sole respondent in this matter. The Clerk of Court is further DIRECTED to close this case.

SO ORDERED, this the 28th day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge